# IN THE COURT OF APPEALS OF IOWA

No. 17-0558
Filed January 10, 2018

**SABAHETA DZANIC,**
       Plaintiff-Appellant,

**vs.**

**DEERFIELD RETIREMENT COMMUNITY, INC., DEERFIELD, INC., and LIFESPACE COMMUNITIES, INC.,**
       Defendants-Appellees.
_____

Appeal from the Iowa District Court for Polk County, Jeffrey D. Farrell, Judge.

A plaintiff appeals the district court's dismissal of her breach-of-contract and specific-performance claims. **AFFIRMED.**

Bruce H. Stoltze, Jr. of Stoltze & Stoltze, P.L.C., Des Moines, for appellant.

Jeffrey J. Cook of Patterson Law Firm, P.L.C., Des Moines, for appellees.

Considered by Vogel, P.J., Tabor, J., and Goodhue, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2018).

**VOGEL, Presiding Judge.**

Sabaheta Dzanic and Deerfield Retirement Community, Inc., Deerfield, Inc., and Lifespace Communities, Inc. (Deerfield) entered into a comprehensive settlement agreement in relation to Dzanic's workers' compensation claim and subsequent termination. Pursuant to the settlement agreement, Deerfield provided Dzanic with her full personnel file in exchange for the release of any claims she could make against Deerfield. Although her attorney reviewed the file prior to Dzanic signing the settlement agreement, Dzanic claims one document, entitled "Saba Behavior" was absent from the file. Dzanic sued Deerfield, alleging breach of contract and requesting specific performance. After a bench trial, the district court found no breach of contract and dismissed Dzanic's claims.[1] Dzanic appeals.

Dzanic claims Deerfield breached the settlement agreement because it did not produce her full personnel file. Dzanic testified the alleged missing document contained notes compiled by her supervisor describing Dzanic's behavior at work, notably when she arrived and whether she was happy following her work-related injury. However, Dzanic admitted she had never read the document but only briefly saw a reference to such notes on her supervisor's computer. Dzanic did not call her supervisor to testify about the alleged document, and Deerfield's current human resources director testified there is no record of a "Saba Behavior" document in her personnel file, if it ever existed. The director further testified no

---

[1] Our scope of review in this action is for the correction of errors at law. Iowa R. App. P. 6.907.

documents are purged from Deerfield's personnel records and Dzanic's entire discoverable personnel file was photocopied and provided to her.

The district court found there was no dispute a "full and complete" copy of the personnel file had been given to Dzanic and Dzanic had the opportunity to review the file before she signed the settlement agreement.  On our review of the record and the district court's ruling and giving appropriate deference to the district court's credibility findings, we agree with the factual findings of the district court—including that there was no breach of the settlement agreement—and determine based on those findings the district court made no errors at law and its ruling is supported by substantial evidence.[2]

We affirm by memorandum opinion.  Iowa Ct. R. 21.26(1)(b), (d).

**AFFIRMED.**

---

[2] Because substantial evidence supports a finding that Deerfield did not breach the settlement agreement with Dzanic because it provided Dzanic her full and complete personnel file, we decline to address Dzanic's other claim that the district court erred in interpreting Iowa Code section 91B.1 (2015) by finding a document, whose very existence was in question, was not required to be included in the personnel file for it to be full and complete.